## LAVADA HARRIS, Respondent, v. GEORGE W. HARRIS, Appellant.

Springfield Court of Appeals, December 5, 1921.

DIVORCE: Award of $1000 Reduced to $550. In a suit for divorce after a marriage lasting only eight months, where the evidence showed that the husband possessed property valued at about $15,000, all of which was accumulated before the marriage, and which consisted principally of real property in which the wife retained her dower interest, under Revised Statutes 1919, section 327, an award of $1000 as alimony was excessive and will be reduced to $550.

Appeal from Circuit Court of Greene County.—*Hon. Guy D. Kirby,* Judge.

REVERSED AND REMANDED (*with directions*).

*Walker & Skinner* for appellant.

(1)   In an action for divorce while the married parties are plaintiff and defendant, the public occupies, without being mentioned in the pleadings, the position of a third party.   McMakin v. McMakin, 68 Mo. App. 57. (2)   The granting of divorces is against the interest of the State and of society, and courts should require the complainant to sustain the charges by a clear preponderance of the evidence.   Mahn v. Mahn, 70 Mo. App. 337.   (3)   Though husband and wife are competent wit-nesses in an action for divorce, a divorce should rarely be granted without some corroborative evidence.   Magett v. Magett, 85 Mo. App. 6. (4) Such indignities as will authorize the granting of a divorce must amount to a species of cruelty, not to the body, but to the mind.   Goodman v. Goodman, 80 Mo. App. 274; Vanhorn v. Vanhorn, 82 Mo. App. 79. (5) The proof of one act amounting to an indignity is not sufficient under our statute to sustain an action for divorce; nor is wrangling and want of conciliatory temper ground for divorce.   Mahn v. Mahn, 70 Mo. App. 337; Webb. v. Webb, 44 Mo. App. 229.   (6)   In allowing alimony in a divorce proceeding the circumstances of the parties and the nature of the case must be considered and the amount must be reasonable.   R. S. 1919, sec. 1803; McCartin v. McCartin, 37 Mo. App. 471.

*Hamlin & Hamlin* for respondent.

"Where the facts are such as show that the defendent has violated the solemn obligation of the marital relation and the complaining party is free from blame the courts ought not to hesitate to grant relief."   Viertel v. Viertel, 123 Mo. App. 63.

FARRINGTON, J.—This is a divorce suit filed by the plaintiff against her husband which resulted in a decree of divorce to her and an award of $1000 alimony. The defendant appeals from the judgment of the court assigning error in the granting of a divorce and claiming that the amount allowed is excessive under the circumstances and conditions surrounding the parties.

The petition alleges that the marriage took place on the 7th day of April, 1919, and that she continued to live with defendant until the 12th day of December, of the same year, making a few days over .eight months that they lived together. She charges that her condition was rendered intolerable by the indignities offered her. Her evidence sustains the allegations of her petition; that he had an ungovernable temper,. quarreled, nagged at her, ordered her home,· talked to her in the presence of his children by a· former marriage in a manner that was humiliating, objected to her attending her church, speaking disrespectfully of the same, and re-· fused to furnish her sufficient money for wearing apparel. She further alleges that he has real and personal property of about $15,000. The evidence shows the value of· her husband's property, which he owned at the marriage, to be certainly not less than $10,000 or $11,000, after all indebtedness was paid.

The defendant filed a cross-bill, denying the allegations in plaintiff's petition and ,setting up grounds for which he claimed a decree of divorce.

The evidence in the case .shows that this was the third matrimonial venture of the defendant; that he lost his first wife by death, and his second wife by divorce prior to the marriage now under consideration. It also appears from the record that he had prior to this marriage suffered a mental disorder and had been treated for same in the State Hospital at Nevada, Missouri.

We have carefully read the record before us and will state that the evidence is in a large measure conflicting, but we find that the trial court reached the proper

conclusion in giving the wife the divorce. The trial court's first order in granting the divorce allowed the plaintiff $2000 alimony and $100 attorney fee. After the motion for new trial was filed he reduced the alimony $1000, leaving the award of the alimony in the judgment appealed from $1000 instead of $2000. We have reached the conclusion that this amount is excessive under the circumstances and conditions that surrounded these parties. The husband had acquired all of the property which he owns prior to his marriage with the plaintiff, she in no way helped to build up and contribute what he has. His property consists of a farm and such live stock, machinery and personal property as is ordinarily used in running a farm of one hundred acres. It appears that defendant has a daughter and son in addition to himself to support. Both of these parties when they married had reached a mature age. At the time of the separation she was paid for some of the property she had bought and some turkeys and chickens she had raised during her eight months of married life with the defendant.

In view of the fact that plaintiff in no wise contributed to the property out of which alimony must be paid, that the marriage relation existed for the short period of eight months, and the fact that she, when she is given the divorce, will retain her dower interest in defendant's real estate, in which she is protected under section 327, Revised Statutes of Missouri of 1919 (see, also, Crenshaw v. Crenshaw, 208 S. W. 249), we hold that an award of $550 alimony and in addition thereto an allowance of $100 attorney fee will be a sufficient amount to award her in this case.

The judgment appealed from is reversed and the cause remanded with directions to the circuit court to enter judgment for $550 alimony and $100 attorney fee. *Cox, P. J.,* and *Bradley, J.,* concur.